FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

MAR 28 2011

D. MARK JONES, CLERK
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TANIELA FAKALOLO KIVALU, | MEMORANDUM DECISION AND ORDER |
| Plaintiff, | |
| v. | Case No. 2:10cv622 |
| STATE OF UTAH; FOURTH DISTRICT COURT; UTAH COUNTY; UTAH COUNTY JAIL; ADULT PROBATION & PAROLE; UTAH LABOR COMMISSION; MAXIM HEALTHCARE SERVICES; VA ADMINISTRATION; and VA APPELLATE COURT, | |
| Defendants. | District Judge Dee Benson |

Taniela Fakalolo Kivalu ("Plaintiff") filed this pro se lawsuit against (1) State of Utah, Utah Labor Commission ("Labor Commission"), Utah Department of Workforce Services ("Workforce Services"), Utah Fourth District Court ("State Court"), and Adult Probation and Parole ("AP&P") (collectively, "State Defendants"); (2) Maxim Healthcare Services ("Maxim"); (3) the "VA Administration" ("Veterans Affairs") and the "VA Appellate Court" ("Board of Veterans' Appeals" or "BVA") (collectively, "VA Defendants"), and (4) Utah County and the Utah County Jail (collectively, "Utah County Defendants").[1] Because Plaintiff is proceeding pro se, the court will "construe his pleadings liberally and hold the pleadings to a less stringent

---

[1] Docket no. 4.

standard than formal pleadings drafted by lawyers." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).

## BACKGROUND

In Plaintiff's "Consolidated Complaints," he raises various issues that he seeks to have consolidated into one action.[2] Plaintiff was employed at Maxim and was allegedly injured on the job. He was denied worker's compensation benefits, and he challenged that denial at a hearing before an Administrative Law Judge ("ALJ"). The ALJ upheld the denial. Plaintiff then filed an appeal with the Labor Commission, which affirmed the ALJ's decision. Plaintiff now seeks an order from this court that would require the Labor Commission to reconsider Plaintiff's worker's compensation claims and/or award him $13.9 million.

Plaintiff also asks this court to compel Workforce Services to reconsider its decision denying unemployment benefits to Plaintiff. Plaintiff's claim for unemployment benefits was denied, and the denial was affirmed by the Workforce Appeals Board ("Board"). Plaintiff appealed the Board's decision to the Utah Court of Appeals. The Utah Court of Appeals affirmed the Board's decision on August 5, 2010.

In 2009, Plaintiff was criminally charged with fraudulently obtaining unemployment benefits. In April 2010, Plaintiff was tried before a jury and found guilty. After receiving a sentencing recommendation from AP&P, the State Court judge sentenced Plaintiff to 90 days in the Utah County Jail, required Plaintiff to pay a fine, and ordered Plaintiff to 36 months of

---

[2] Docket no. 4.

probation. Plaintiff now seeks review of his criminal conviction in this court. Specifically, Plaintiff requests that this court suspend all charges and penalties assessed against him by the State Court and dismiss the terms of his probation.

Plaintiff also argues that he is a Veteran of the United States Army who was injured in the line of duty. Plaintiff asserts that he has been denied benefits by Veterans Affairs and that the Board of Veterans' Appeals has taken an unreasonably long time to render a final decision regarding his benefits. Plaintiff asks this court to order the VA Defendants to award him medical benefits, including surgery, with regard to his "leg length discrepancies."[3] Plaintiff also asks this court to award him $250,000,000 for "pain and suffering" and a student loan repayment of $213,000.[4]

Plaintiff further contends that while he was incarcerated in the Utah County Jail, he was denied pain medication that had been ordered by his physician for his "bilateral arthroplasty, septectomy" and that he was given only nonsteroidal anti-inflammatory drugs that did not relieve his pain.[5] Plaintiff also alleges that he was wrongfully classified with drug addicts, child molesters, psychotics, and placed on medical watch for no reason. Finally, Plaintiff asserts that he was denied use of the law library at the Utah County Jail twice and, as a result, Plaintiff was "deprived of [the] ability to respond timely to the legal time requirement as set forth by the law."[6]

---

[3] *Id.* at 6.

[4] *Id.*

[5] *Id.* at 4.

[6] *Id.* at 5.

3

## STANDARD OF REVIEW

The court previously granted Plaintiff's application to proceed in forma pauperis under 28 U.S.C. § 1915 (the "IFP statute").[7] Whenever the court authorizes a party to proceed without the prepayment of fees under the IFP statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). However, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kansas Dept. of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).

When determining whether to dismiss for failure to state a claim under the IFP statute, courts employ the standard set forth for motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). In particular, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'" *Kay*, 500 F.3d at 1218 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Essentially, courts should "'look for plausibility in th[e] complaint.'" *Alvarado*, 493 F.3d at 1215 (quoting *Twombly*, 550 U.S. at 564).

---

[7] *See* docket no. 2.

In addition, it is well settled that the lack of subject matter jurisdiction may be raised sua sponte by the court at any point in the proceedings. *See McAlester v. United Air Lines*, 851 F.2d 1249, 1252 (10th Cir. 1988). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). "Since federal courts are courts of limited jurisdiction, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Penteco Corp. v. Union Gas Sys. Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

## ANALYSIS

The court has thoroughly reviewed Plaintiff's complaint and notes that Plaintiff has failed to specifically cite to any statutory, administrative, constitutional, or common law right that was violated or denied to him. Nevertheless, the Tenth Circuit has held that in pro se cases

> if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Based on review of Plaintiff's complaint, the court will assume that Plaintiff intended to bring his claims under 42 U.S.C. § 1983 for alleged constitutional violations. *See* 42 U.S.C. § 1983. The court will now address each of Plaintiff's claims against each defendant to determine whether he has "alleg[ed] sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110.

## I. State Defendants

Plaintiff alleges that the State Defendants (1) improperly sought repayment of the unemployment benefits he received, (2) unlawfully convicted him for fraudulently obtaining unemployment benefits, (3) wrongfully sentenced him to 90 days in the Utah County Jail, and (4) failed to award him worker's compensation benefits to which he was entitled. Plaintiff also contends that he was found guilty by an all-white jury, and therefore, not a jury of his peers because he is of Polynesian descent. Plaintiff's complaint fails to state a claim upon which relief may be granted as to the State Defendants on the following alternative grounds.

### A. Eleventh Amendment Immunity

Plaintiff claims against the State Defendants fail on Eleventh Amendment immunity grounds. The Eleventh Amendment precludes claims for damages against the states, their agencies, and their officials in federal court unless the state has consented or expressly waived immunity. *See Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *Johns v. Stewart*, 57 F.3d 1544, 1553 (10th Cir. 1995). The Eleventh Amendment bars suits seeking monetary, equitable, and injunctive relief against states or "arms of the state." *Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144-45 (1993). State agencies are considered "arms of the state" for Eleventh Amendment purposes. *Hensel v. Office of Chief Admin. Hearing Officer*, 38 F.3d 505, 508 (10th Cir. 1994). Each of the State Defendants named in this lawsuit is an arm of the State of Utah and the State Defendants have not waived their sovereign immunity from this suit. The State Defendants are therefore immune from Plaintiff's suit.

B. *Rooker-Feldman* Doctrine[8]

Plaintiff's complaint against the State Defendants also fails under the *Rooker-Feldman* doctrine, which provides that "federal district courts are without authority to review state court judgments where the relief sought is in the nature of appellate review." *Anderson v. State of Colo.*, 793 F.2d 262, 263 (10th Cir.1986). "*The Rooker-Feldman Doctrine* applies to *all* state court judgments, regardless whether the judgment is entered by an intermediate court or the case has been appealed to the highest court in the state." *Thurgood v. Burton*, 248 F. Supp. 2d 1090, 1092 (D. Utah 2003). "Thus, in applying the *Rooker-Feldman* doctrine, [the court] focus[es] on whether the lower federal court, if it adjudicated [the] plaintiff's claims, would effectively act as an appellate court reviewing the state court disposition." *Merrill-Lynch Bus. Fin. Servs. v. Nudell*, 363 F.3d 1072, 1075 (10th Cir. 2004).

In this matter, Plaintiff is seeking appellate review of state court decisions in the federal district court. Thus, while Plaintiff appealed the Board's denial of benefits to the Utah Court of Appeals, which upheld the Board's decision, Plaintiff may not seek review of the Board's decision or the Utah Court of Appeals' opinion in this court. "The *Rooker-Feldman* doctrine establishes, as a matter of subject-matter jurisdiction, that only the United States Supreme Court has appellate authority to review a state-court decision." *Nudell*, 363 F.3d at 1074-75 (footnote omitted); *see also* 28 U.S.C. § 1257(a) (providing that the Supreme Court has jurisdiction to

---

[8] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983).

review "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had"); *Bolden v. City of Topeka*, 441 F.3d 1129, 1139 (10th Cir. 2006) ("The *Rooker-Feldman* doctrine prohibits federal suits that amount to appeals of state-court judgments."); *Warnick v. Briggs*, No. 2:04-cv-360-DAK, 2007 U.S. Dist. LEXIS 80970, at *23-24 (D. Utah Oct. 30, 2007). Therefore, Plaintiff's claims against the State Defendants also fail as a matter of law under the *Rooker-Feldman* doctrine.

### C. Validity of State Court Conviction and Sentence

Plaintiff challenges the validity of his criminal conviction by asserting that (1) the jury that convicted him in State Court was not ethnically diverse, and was therefore not a jury of his peers; and (2) his sentence was influenced by misrepresentations and erroneous allegations. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id.* at 486. The court further concluded that, before bringing a suit for damages that challenges the conviction on constitutional or other grounds, the Plaintiff must "prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 487. Plaintiff has failed to make such a showing.

Based on the foregoing, Plaintiff has failed to set forth any cognizable cause of action against the State Defendants. As such, the State Defendants are dismissed from Plaintiff's complaint.

## II. Maxim

Plaintiff seeks recovery from Maxim for his worker's compensation claim. However, the Workers' Compensation Act of Utah gives the Labor Commission exclusive authority over employees' claims against their employers for injuries sustained in the workplace. *See* Utah Code Ann. § 34A-2-105(1) ("The right to recover compensation . . . for injuries sustained by an employee . . . is the exclusive remedy against the employer . . . ."); *see also Mack v. Utah State Dept. of Commerce*, 221 P.3d 194, 204 (Utah 2009) ("[T]he Workers' Compensation Act gives the Labor Commission exclusive authority over employees' claims against their employers for injuries sustained in the workplace."). Because Plaintiff's complaint against Maxim seeks recovery for a worker's compensation claim, his only remedy is through the Labor Commission. As such, this court lacks subject matter jurisdiction over Plaintiff's claim against Maxim.

## III. VA Defendants

In his complaint, Plaintiff argues that he was wrongfully denied Veterans' Administration benefits and that the BVA has failed to rule on his appeal in a timely manner. Federal law provides that the denial of VA benefits "are unreviewable in the federal courts." *Weaver v. United States*, 98 F.3d 518, 519 (10th Cir. 1996). Specifically,

> [t]he Secretary [of Veterans' Affairs] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a).

Accordingly, because this court does not have subject matter jurisdiction over the VA Defendants, Plaintiff's claims against them fail as a matter of law. As such, Plaintiff's claims against the VA Defendants are dismissed.

IV. Utah County Defendants

Plaintiff contends that while he was incarcerated at the Utah County Jail, he (1) was denied pain medication that had been ordered by his physician for his "bilateral arthroplasty, septectomy" and that he was given only nonsteroidal anti-inflammatory drugs that did not relieve his pain; (2) "was classified together with the drug addiction [sic], children molestation [sic], and was placed with the medical watch and psychotic group"; and (3) was denied use of the law library twice, which "deprived . . . [him of the] ability to respond timely to the legal time requirement as set forth by the law."[9] The court will address each of Plaintiff's allegations.

A. Denial of Pain Medication

Plaintiff's allegations regarding the denial of pain medication is best characterized as an Eighth Amendment conditions-of-confinement claim. The Eighth Amendment's prohibition on cruel and unusual punishment requires that prison officials "provide humane conditions of confinement by ensuring that inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee inmates' safety." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998). A conditions-of-confinement claim consists of both an objective and subjective component. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

---

[9] Docket no. 4 at 3-4.

The objective component is met only if the condition complained of is "sufficiently serious." *Id.* A condition is "sufficiently serious" if it poses "a substantial risk of serious harm" to the inmate. *Id.*

The subjective component of a conditions-of-confinement claim requires the plaintiff to show that the defendant exhibited "deliberate indifference" to the inmate's health or safety. *Id.* Deliberate indifference "requires both knowledge and disregard of possible risks, a mens rea on a par with criminal recklessness." *Despain v. Uphoff*, 264 F.3d 965, 975 (10th Cir. 2001). The defendant must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Applying the standards set forth in *Farmer*, the court finds that the deprivation alleged by Plaintiff is not sufficiently serious from an objective point of view nor does it demonstrate that the Utah County Defendants were deliberately indifferent to his pain. As such, Plaintiff's conditions-of-confinement claim against the Utah County Defendants fails as a matter of law.

### B. Housing Assignment

Plaintiff argues that he was placed on medical watch and wrongfully classified with drug addicts, child molesters, and psychotics in the Utah County Jail. It is well established that prisoners have no right under the Constitution to any specific classification or housing assignment. *See Hewitt v. Helms*, 459 U.S. 460, 468 (1983); *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994); *Levoy v. Mills*, 788 F.2d 1437, 1440 (10th Cir. 1986). "Changing an inmate's prison classification ordinarily does not deprive him of liberty, because he is not entitled

to a particular degree of liberty in prison." *Templeman*, 16 F.3d at 369. An inmate's classification implicates protected liberty interests only where it imposes an "atypical or significant hardship on the inmate in relation to the ordinary incidents of prison life," *Sandin v. Conner*, 515 U.S. 472, 485 (1995), or threatens to lengthen his term of confinement, see *id.* at 487.

In this matter, Plaintiff cannot show that his classification imposed an "atypical or significant" hardship on him in relation to the ordinary incidents of prison life, or that it would have been likely to lengthen his term of confinement. *Id.* at 485. Plaintiff's placement was clearly "within the normal limits or range of custody which [his] conviction has authorized the State to impose." *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *see also Sandin*, 515 U.S. at 487. Thus, regardless of any alleged errors made in determining Plaintiff's classification level or housing assignment, he is not entitled to relief under § 1983.

### C. Access to the Courts

Plaintiff's assertion that the Utah County Jail denied him access to its law library twice amounts to a claim of denial of access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 821-22 (1977). In *Bounds*, the United States Supreme Court held that indigent prison inmates have a constitutional right to adequate and meaningful access to the courts. *See id.*; *see also Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). "Although providing access to a law library is an acceptable means of effectuating the right of access to the courts, *Bounds* did not create an independent right of access to a law library

or legal assistance." *Penrod*, 94 F.3d at 1403. Furthermore, "inmates do not have the right to select the method by which access will be provided." *Id.*

To successfully assert a claim for denial of access to the courts, a prisoner must allege (1) the inadequacy of the library or legal assistance furnished, and (2) an "actual injury" resulting from the inadequate facilities or assistance. *Lewis v. Casey*, 518 U.S. 343, 349 (1996). To satisfy the "actual injury" requirement Plaintiff must show "that the denial of legal resources hindered the prisoner's efforts to pursue a nonfrivolous claim." *Penrod*, 94 F.3d at 1403. Finally, the nonfrivolous claims involved must be either "habeas corpus or civil rights actions regarding current confinement." *Carper*, 54 F.3d at 616.

Plaintiff's allegations do not support the conclusion that the Utah County Defendants' alleged denial of access to the law library hindered Plaintiff's efforts to prepare initial pleadings in a nonfrivolous civil rights or habeas corpus proceeding. As stated above, Plaintiff's claims regarding the conditions of his confinement fail as a matter of law and are therefore frivolous. Likewise, Plaintiff's allegation that he was prevented from pursing a timely appeal is not supported by his complaint and attached submissions. Specifically, on May 28, 2010, while incarcerated in the Utah County Jail, Plaintiff made a request for a GPS diversion for home confinement. He was informed by the jail staff that he needed to make a motion before the State Court. On June 1, 2010, Plaintiff filed three pro se motions before the State Court. Plaintiff moved the court to allow him to (1) enroll in the GPS program, (2) begin a payment plan for restitution at $350 per month, and (3) seek permission with the Department of Social Security to

allow him to work. Plaintiff also requested that the State Court set his three motions for a hearing.

Plaintiff's pleadings before the State Court demonstrate that he was well acquainted with the drafting of legal pleadings. His motions included an appropriate caption, the proper case number, and his signature. The motions were readable and easily understandable. Plaintiff also included an affidavit and certificate of service. Furthermore, the court notes that Plaintiff's complaint recounts Plaintiff's previous experience in timely filing appeals of decisions with which he does not agree. Plaintiff could have sought relief before the State Court at the same time he moved the court for his other requests.

In addition, all that is required of initial pleadings is "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(1)-(3). Extensive legal argument with citations to relevant case law and reams of supporting documents are not required for the filing of initial pleadings.

With Plaintiff's previous legal experience, he could have easily appealed his conviction in a timely manner. Accordingly, Plaintiff has not alleged that he suffered "actual injury" by being prevented from twice accessing the law library. *Penrod*, 94 F.3d at 1403. As such, Plaintiff's claim for denial of access to the courts against the Utah County Defendants fails as a matter of law.

## CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Accordingly, Plaintiff's complaint is DISMISSED in its entirety. The Clerk of Court is directed to close this case.

DATED this 28th day of March, 2011.

BY THE COURT:

_____
DEE BENSON
United States District Judge